



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Mark W. Crooks*
*Assistant United States Attorney*
*Mark.Crooks@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4867*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 JAN 16 AM 10: 19
CLERK'S OFFICE
AT BALTIMORE
BY ______ DEPUTY

December 1, 2014

Ms. Deborah Boardman
Office of the Federal Public Defender - Maryland
100 South Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

Re: United States v. Paul Anthony Philip III - Case # CCB-14-0459

Dear Ms. Boardman:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by December 12, 2014 it will be deemed withdrawn. The terms of the agreement are as follows:

## Offenses of Conviction

The Defendant agrees to plead guilty to Count 3 of the Indictment, which charges him with possession of child pornography, in violation of 18 U.S.C. §§2252(A)(a)(5)(B). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offenses

1. The elements of the offense (Possession of Child Pornography) to which the Defendant has agreed to plead guilty, and which this Office would prove if the case were to be indicted and go to trial, are as follows:

(1) That on or about August 1, 2014, the Defendant knowingly possessed and accessed a visual depiction with intent to view;

(2) That the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

(3) That the visual depiction was of one or minors engaged in sexually explicit conduct; and

(4) That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

## Penalties

2. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: ten years imprisonment, followed by a term of not more than lifetime supervised release, and a $250,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

3. The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

(1) If the Defendant had not agreed to plead guilty and accept the terms of this plea agreement, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

(2) If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

(3) If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

(4) The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

(5) If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

(6) By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

(7) If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

(8) By pleading guilty, the Defendant will also be giving up certain valuable civil rights, such as the right to possess a firearm or the right to vote, and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

(1) The base offense level is **18** pursuant to U.S.S.G. § 2G2.2(a)(1).

(2) Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two **2**-level increase because the depictions involved prepubescent minors or minors under the age of twelve.

(3) Pursuant to U.S.S.G. §2G2.2(b)(4), there is a **4**-level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

(4) Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a **2**-level increase because the receipt involved the use of a computer.

(5) Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), the number of images was more than 600 images, and thus **5** levels are added.

The total offense level is **31**.

b. This Office does not oppose a **2**-level reduction in the Defendant's combined offense level based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

The final offense level is therefore a **28**.

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

Rule 11 (c) (1) (C) Plea

9. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **42 to 48 months incarceration,** (the exact number of months to be determined by the Court) is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

Obligations of the United States Attorney's Office

10. At the time of sentencing, this Office will recommend a sentence consistent with Paragraph 9.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

Forfeiture

13. The defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the court will order the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including but not limited to the following property that was recovered from the defendant's residence and in which the defendant agrees to forfeit to the United States all of his right, title, and interest: an LG cellular phone, model LGL34C/Serial Number 407CQDG0405522 and attending charger; and a Huawei cellular phone, Model# H868C, IMSI# 310004102047562. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the

forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Assisting the Government with Regard to the Forfeiture

14. The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

Waiver of Further Review of Forfeiture

15. The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

(1) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

(2) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 48 months' imprisonment; and (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 42 months' imprisonment.

(3) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

(4) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Obstruction or Other Violations of Law

17. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Restitution

18. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

Court Not a Party

19. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Agreement Does Not Cover Production of Child Pornography
Or Sexual Activity with a Minor

20. The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's phone and email accounts. Should the government find evidence that the Defendant was involved in the production of child pornography or engaged in any sexual activity with a minor whatsoever, this Agreement would not prevent the United States in any way from prosecuting said offenses.

Entire Agreement

21. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: ______________________
Mark W. Crooks
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

12/12/14
Date

______________________
Paul Anthony Philip III

I am Paul Anthony Philip's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

12/12/14
Date

______________________
Deborah Boardman, Esq.

## ATTACHMENT A

*This Office and the Defendant stipulate and agree to the following facts that the United States would have proved beyond a reasonable doubt had this case proceeded to trial. They further stipulate and agree that these are not all of the facts that the United States would have proven.*

1. Paul Anthony Philip ("the Defendant"), age 42, was a resident of Glen Burnie, Maryland and was employed as a maintenance person ~~assigned to an apartment complex.~~ .

2. On January 29, 2014, the Defendant used the username "DADN2LILDAUTERS" to log-on to an Internet website ("Website A") designed for video and image file-sharing. The Defendant described himself in the following manner: "Very active dad of 2 daughters 4 and 7 years old. I am looking for other active dads. If you like hardcore play with your little girls too, send me an email and perhaps we can trade. Please friends, Do Not Send Me Things That Are Not Hard. The better you send the better you will receive...".

3. The Defendant's "DADN2LILDAUTERS" profile also contained a public folder titled "My 2 dauters ;-)". The folder had an album forward stating, "Pictures of my 2 beautiful girls! They are real C*M eaters! If you send an email, Please Please give me time ti respond! Glad to see you ALL love my girls as much as I DO! LoL ;-)" [sic]. The folder contained a series of 21 photographs of two girls who were 4 and 7 years old.

4. On January 29, 2014, the Defendant sent an email entitled "...here.more...", which included 2 video files. The text of the email read "Please send more at one time my friend. Your daughters are beautiful! I would love to spray their faces with my hot load!" Both of the attached videos constituted child pornography, to wit: young infants subjected to sado-masochistic activities.

5. On January 29, 2014, the Defendant received an email entitled "trade" from a user of Website A, which included 2 image files. The text of the email read "sample?? Love to see your girls with cum filled mouths !" Both images included young toddlers subject to abuse and degradation and portrayed in a lascivious manner.

6. On January 29, 2014, the Defendant received an additional email entitled "hi" from another user of Website A that read, "what games you play with lil ones...i like naughty games play with my relative i send just random sample" and which contained an image of a nude adult male urinating on the chest of a young child.

7. On February 2, 2014, the Defendant sent an email message containing 5 images which read, "Yes. My girls are trained well also. Please send me hardcore, and send more than a couple at a time. Have you video to trade also???" The 5 images constituted child pornography; specifically, images of an adult penis penetrating the genital area of a naked prepubescent female and an image of an adult penis laying atop the genital area of what appears to be the same prepubescent female.

8. On February 3, 2014, the Defendant created an additional account on Website A with the user name "DADWITH2GIRLS". The Defendant described himself in the following manner: "Hello. I am active father looking for others. Send me hardcore videos for trade. I know you will all like what I have to offer. I offer new hardcore but only to those who send to us first. Training the younger one, her older sister is helping! Get to know us. You will not be sorry..." The Defendant's profile also contained a public folder titled "my sexy girls", which contained 17 photographs of young girls and a caption stating, "They both do hard action. Check out our info. Perhaps trades? Tell us what you think...".

9. On February 3, 2014, the Defendant received an email entitled "NUDE GIRLS" which stated, "hi friends my name is daniel looking to exchange videos and pictures of naked girls having sex of all ages .. sending you some and I hope you will send me many more to change, while more send me I will send to you more .. I do not speak much English". The email contained multiple digital videos of young toddlers and children subject to sado-masochistic abuse and extreme sexual acts.

10. On August 1, 2014, a search warrant was executed at the Defendant's residence. Philip acknowledged utilizing his cellular phone to access the Internet for the purpose of soliciting, trading, downloading, and viewing child pornography and described that he created numerous email accounts for the purpose of obtaining and trading child pornography.

11. The forensic examination of the Defendant's phone revealed 3783 digital images and videos, all of which contained visual depictions of minors engaging in sexually explicit conduct and which constitute child pornography under 18 U.S.C. § 2256(8). Many of the images included photographs of young children who are bound/restrained and subject to physical and sexual abuse.

Agreed to this 12 day of December, 2014

Paul Anthony Philip III

Paul Anthony Philip, III